**TURNER v. STATE.**

No. A–11890.

Criminal Court of Appeals of Oklahoma.

Jan. 27, 1954.

Rehearing Denied March 24, 1954.

Champion, Champion, & Wallace, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Alex Turner was charged by an information filed in the District Court of Carter County with the crime of murder; was tried, convicted of manslaughter in the first degree and, pursuant to the verdict of the jury, was sentenced to serve six years in the penitentiary, and has appealed.

No brief has been filed on behalf of the accused and no appearance was made for him at the time the case was assigned for oral argument. In such a situation, this court examines the record for fundamental error and if none appears, the judgment is affirmed.

We have carefully examined the record. The accused shot and killed Ernest Powell on July 10, 1949, at a barbecue pit and dancing hall operated by Powell. The shooting was the outgrowth of a controversy between the deceased and one Orlandus Curry over a broken window pane which had occurred in a scuffle between Curry and another man. An argument arose between the deceased and Curry after the deceased had taken Curry's watch to hold until Curry paid for the broken window pane. The defendant, who was Curry's friend, took up the argument. One altercation led to another and it finally ended when Turner and Powell pulled their pistols and the defendant shot Powell in the stomach and Powell shot the defendant in the leg. Powell died and defendant lived.

The instructions substantially stated the law of the case and we have found no fundamental error. The issues presented a question of fact for the determination of the jury.

The judgment and sentence of the District Court of Carter County is affirmed.

POWELL, P. J., and BRETT, J., concur.

On Petition for Rehearing.

PER CURIAM.

The above case was affirmed for failure to file a brief. Counsel obtained permis-

sion from the court to file a brief in support of his petition for rehearing and, because of extraordinary circumstances, the court granted his request for oral argument.

The brief has been fully considered. Defendant did not testify and no excuse was made for his failure to so testify. Under any reasonable view of the facts, it appeared there was a mutual combat in which both defendant and deceased voluntarily entered while each was armed with a pistol. Both parties were shot, but Powell died.

We see no legal basis that would justify the court in reversing the conviction or modifying the punishment of six years imprisonment in the penitentiary. The petition for rehearing is denied, and the mandate is ordered issued forthwith.